UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**Laurie Moore,**
       **- Plaintiff**

    **v.**                            **CIVIL NO. 3:10-CV-0709 (CFD)(TPS)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**
       **- Defendant**

## MAGISTRATE JUDGE'S OPINION

**I. Introduction**

The plaintiff, Laurie Moore, brings this action pursuant to Section 205(g) of the Social Security Act. See 42 U.S.C. § 405(g). She seeks review of a final decision by the defendant, the Commissioner of Social Security ("Commissioner"), denying her application for Social Security Disability Benefits ("SSD"). The plaintiff moves for an order reversing the Commissioner's decision. (Dkt. #8). The Commissioner opposes the plaintiff's motion and moves for an order affirming his decision. (Dkt. #12). The issue presented in this case is whether the Commissioner's finding that the plaintiff was not disabled is supported by substantial evidence in the record and is legally correct. For the reasons discussed

1

below, the plaintiff's motion to reverse and remand should be **GRANTED** and the defendant's motion to affirm should be **DENIED**. 28 U.S.C. § 636(b).

**II. Discussion**

    **A. Factual and Legal Background**

Ms. Moore is forty-eight years old and has a high school education. In the past, she has worked as a salesperson at a bookstore, and a retail manager at a clothing store. On July 16, 2007, the plaintiff applied for Social Security Disability benefits, alleging disability since April 2, 2005. (R. at 124-29). The plaintiff claims that she is disabled due to a combination of impairments, including, *inter alia*, hypothyroidism, bipolar disorder, major depressive disorder, multiple joint arthritis, attention deficit disorder, obesity, and orthostatic syncope. On Oct. 17, 2007, the Commissioner denied the plaintiff's application for benefits. (R. at 59-61). The plaintiff then requested that a federal reviewing official review the Commissioner's unfavorable decision. On July 23, 2008, Federal Reviewing Official Reginald J. Jackson reviewed the decision and concluded that the plaintiff was not disabled. (R. at 47-56). On Sept. 5, 2008, Ms. Moore requested an administrative hearing before an Administrative Law Judge ("ALJ"). (R. at 73-74). On Nov. 17, 2009, the hearing was held before ALJ Eileen Burlison. (R. 21-45). On Dec. 7, 2009 ALJ Burlison found the plaintiff not disabled. Ms. Moore's claim was

selected for review by the Decision Review Board. On March 12, 2010, the Board issued a notice that it did not complete its review of the claim within ninety days and therefore, the ALJ's decision became the final decision of the Commissioner. On May 10, 2010, the plaintiff filed the instant case. Pl.'s Compl. 1, ECF No. 1.

**B. Legal Standard**

The ALJ must apply a five-step sequential evaluation process to each application for disability benefits. See 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ determines whether the claimant is employed. If the claimant is unemployed, the ALJ proceeds to the second step to determine whether the claimant has a severe impairment that prevents him from working. If the claimant has a severe impairment, the ALJ proceeds to the third step to determine whether the impairment is equivalent to an impairment listed in 20 C.F.R. pt. 404, subpt. P, App. 1. If the claimant's impairment meets or equals a listed impairment, the claimant is disabled.

If the claimant does not have a listed impairment, however, the ALJ proceeds to the fourth step to determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. If the claimant cannot perform his past relevant work, the ALJ proceeds to the fifth step to determine whether the claimant can perform any other work available in the national economy in light of the claimant's RFC, age, education, and work experience. The claimant is entitled to disability

benefits only if he is unable to perform other such work.

The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof as to the fifth step. Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008). "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error . . . . Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008). As long as there is substantial support for the decision in the record, any evidence in the record which could have supported a different conclusion does not undermine the Commissioner's decision. Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990).

**C. Summary of ALJ Burlison's Opinion**

At step one of the five-step sequential evaluation process, the ALJ found that Ms. Moore had not engaged in substantial gainful activity since April 2, 2005, the alleged onset date. (R. at 9). At step two, the ALJ found that Ms. Moore suffered from two severe impairments: hypothyroidism and osteoarthritis. Id. At step three, the ALJ found that the plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P. Appendix 1.

4

(R. at 10). The ALJ found that the plaintiff had a residual functional capacity ("RFC") to perform a "full range of light work." Id. The ALJ further found that the plaintiff is able to sit, stand, walk or sit for six hours a day in an eight-hour workday. Id. Furthermore, the ALJ found that she can lift and carry twenty pounds occasionally and ten pounds frequently, but her postural limitations preclude climbing ramps, stairs, ladders, ropes and scaffolds, and her environmental limitations preclude exposure to hazards like working at heights and working with dangerous machinery. Id.

At step four, the ALJ concluded that Ms. Moore's RFC precludes her from performing her past relevant work as a bookseller and a retail store manager. (R. at 14). The ALJ concluded this because she is not able to "stand or walk for more than [six] hours a day." Id. However, the ALJ noted that this does not automatically make Ms. Moore disabled as defined by the Social Security Act. Indeed, the ALJ found that based on Ms. Moore's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy for her to perform. Id. Therefore, the ALJ concluded that Ms. Moore has not been under a disability, as defined in the Social Security Act from her alleged onset date of April 2, 2005 through the ALJ's decision. (R. at 15).

**D. Evidence of the Severity of Plaintiff's Mental Impairments**

5

Plaintiff argues that the ALJ failed to evaluate her psychiatric impairments under the "special technique" for mental impairments as required by the Commissioner's Regulations. 20 C.F.R. s. 404.1520a; Kohler v. Astrue, 546 F.3d 260 (2d Cir.2008). Plaintiff claims that such evaluation was not adequately performed by the ALJ in this case. Pl.'s Mem. 17. The Commissioner did not respond to this specific argument except by apparently suggesting that it is essentially inconsequential. The Commissioner stated that step two of the sequential evaluation serves mainly to screen out claims that are clearly unsubstantiated. Def.'s Mem. 15. Without citing any authority, the Commissioner goes on to say that, "[h]ere, plaintiff made it past this screening step, so the details of the ALJ's analysis at this preliminary stage are not particularly significant." Id. This is without merit.

The "special technique" is implemented after the ALJ determines that the claimant has a medically determinable mental impairment, at which point he or she is required to rate the degree of functional limitation in four categories: 1) activities of daily living; 2) social functioning; 3) concentration, persistence and pace; and 4) episodes of decompensation. 20 C.F.R. § 404.1520a(c). Under the Second Circuit's decision in Kohler, the application of the special technique is *required* at "the second and third steps of the five step framework." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir.2008). Kohler makes it clear that the regulations "require the

ALJ's written decision to reflect application of the technique, and explicitly provide that the decision '*must* include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of [§ 404.1520a].'" Kohler at 266.

The Court in Kohler makes a distinction between discussing the relevant evidence in the context of the claimant's residual functional capacity and in the context of the four functional areas known as the "special technique." Kohler at 268. Unless the evidence is applied to the four functional areas in the special technique, the ALJ has not adequately considered the entire record when determining the severity of the claimant's impairments. Id. In other words, the ALJ must make specific findings regarding the claimant's degree of limitation in each functional area; it is not sufficient to discuss the limitations in the context of the claimant's residual functional capacity. See id. ("[T]he ALJ's decision discusses much of the relevant evidence primarily in the context of Kohler's residual functional capacity to perform work and not in the context of the four functional areas identified by the regulations. Thus, it is not clear whether the ALJ adequately considered the entire record when determining the severity of Kohler's impairment, or whether he might have found it to equal the severity of a listed condition had he followed the regulations and

7

made specific findings regarding Kohler's degree of limitation in each functional area.").

In this case, there was no such application of the evidence to the special technique in ALJ Burlison's written opinion. First, the ALJ found that Ms. Moore's mental impairments were medically determinable. R. at 9. However, without any discussion as to Ms. Moore's degree of limitation in any of the four functional areas, the ALJ found that the mental impairments were not severe. Id. This is error. As described above, after the initial determination that Ms. Moore's mental impairments were medically determinable, ALJ Burlison was required to rate the degree of functional limitation in the four functional areas under the special technique. There is no such rating in the ALJ's written opinion.

The Commissioner seems to argue that even if this is found to be error, it is harmless and remand is unnecessary. Def.'s Mem. 15. This particular issue was decided for the first time in Kohler. There, although the Second Circuit left open the possibility that an ALJ's failure to adhere to the regulation's special technique could be harmless, under the facts presented by Kohler, remand was necessary. Kohler at 269. The Court found remand necessary because the ALJ's failure to adhere to the regulations frustrated the Court's effective review. Id. at 267. The Court found its review to be frustrated for two reasons. First, the Court stated that it cannot determine whether there is

8

substantial evidence for the ALJ's conclusion because the ALJ's written decision did not contain any specific findings regarding the claimant's degree of limitation in the four functional areas by which disabling conditions are rated. Id. at 267-68. The second reason is that, as mentioned above, the ALJ focused on the claimant's RFC and not the four functional areas required by § 404.1520a(c). Id. This led the Court to conclude "[t]hus, it is not clear whether the ALJ adequately considered the entire record when determining the severity of Kohler's impairment, or whether he might have found it to equal the severity of a listed condition had he followed the regulations and made specific findings regarding Kohler's degree of limitation in each functional area. It also is not clear whether the ALJ would have arrived at the same conclusion regarding Kohler's residual functional capacity to perform work had he adhered to the regulations." Id. at 268.

Here, as in Kohler, it is not clear that the ALJ adequately considered the entire record for the same two reasons. First, ALJ Burlison's opinion did not include any specific findings regarding the claimant's degree of limitation in the four functional areas as required when the claimant has a medically determinable mental impairment. This omission renders this court unable to determine whether ALJ Burlison based her decision on substantial evidence. Second, when the ALJ did discuss the claimant's mental impairments, it was in the context of Ms. Moore's residual functional capacity;

9

an analysis which Kohler made clear was improper. Kohler at 268. There is no question that ALJ Burlison discussed the evidence of plaintiff's mental impairments in her written decision. See, e.g., R. at 10-14. In some cases, the ALJ even made a finding as to the degree of functional limitation. Id. at 13 ("[Dr. Cooper] concluded that she would be unable to respond appropriately at times to her fellow workers and supervisors due to bipolar depression. . . . The record does not lead to the conclusion that the claimant has a disabling mental impairment."). However, this was all discussed in the context of the plaintiff's residual functional capacity assessment which is insufficient to meet the requirements by § 404.1520a and Kohler. Therefore, remand is necessary.

## III. Conclusion

This court is unable to assess whether ALJ Burlison's written decision regarding Ms. Moore's claim is supported by substantial evidence and reflects application of the correct legal standards. It is not clear at this point that the plaintiff is entitled to disability benefits, but her case must be remanded so that her disability claim can be determined anew following full consideration of her mental impairments and a more fully developed record. Accordingly, the magistrate judge recommends that the Plaintiff's motion to reverse the Commissioner's decision and the matter remanded for a new hearing consistent with this opinion be

GRANTED. [Dkt. # 8]. The parties' competing motions for judgment should be denied. [Dkts. 8, 12]. Either party may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir.1989).

**Dated at Hartford, Connecticut, this 2nd day of December, 2010.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**

**United States Magistrate Judge**